UNITED STATES

v.

Anthony P. JONES, 397 66 6920, Aviation Storekeeper Airman Recruit (E–1), U.S. Navy.

NMCM 91 1227.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 30 Jan. 1991.

Decided 15 May 1992.

LT Nanette M. Derenzi, JAGC, USNR, Appellate Defense Counsel.

LT Matthew Louis Kronisch, JAGC, USNR, Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, JJ.

PER CURIAM:

After being found guilty in accordance with his pleas of eight charges involving a conspiracy to steal and forge U.S. treasury checks, and a subsequent flight from New Jersey to Michigan in a stolen taxi, a general court-martial of officer members sentenced appellant to 5 years confinement, total forfeiture of all pay and allowances, and a bad-conduct discharge. The convening authority approved the sentence, but suspended all confinement in excess of 3 years, pursuant to a pretrial agreement.

The Court specified four issues for briefing by counsel.[1] Now, having the benefit of the views of counsel, we grant relief on two of the four issues upon which appellant has framed his assignments of error.

▪ The Government concedes that appellant's refusal to pull over for a pursuing police car does not constitute resisting apprehension. *United States v. Burgess*, 32 M.J. 446 (C.M.A.1991). The findings as to Charge VII and its Specification are set aside.

▪ The Government also concurs, and we agree, that the providence inquiry does not provide a factual basis for finding that appellant intended to permanently deprive the taxi driver of his cab or the $10.00. Robbery requires a taking with the intent to permanently deprive the owner of property. Paragraph 47b(6), Part IV, Manual for Courts–Martial (MCM), United States, 1984. The findings of guilty of robbery as to Charge IV and its specification are, therefore, set aside. Appellant's responses did provide an adequate basis for findings of guilty to the lesser-included offenses of wrongfully appropriating the taxi cab and assaulting the cab driver with a dangerous weapon in violation of Articles 121 and 128 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 928. Paragraph 47d, Part IV, MCM.

Based on our action with respect to Charge IV and its specification, we will also modify the findings as to Specification 3 of Charge I to find appellant guilty of conspiracy to commit the lesser-included offenses of wrongful appropriation of a motor vehicle and assault of the driver with a dangerous weapon.

▪ Appellant's third assignment of error alleges that he is not guilty of aiding and abetting the forgery of the check in Specification 2 of Charge V because appellant's co-conspirator, DKSA Jermaine J. Ferrell, did not forge the signature of the payee named on the check, one Robert G. True, but instead intentionally wrote his own signature in such a manner that it could be mistaken for the signature of the rightful payee. Although it is generally not forgery to sign one's own name, such act becomes criminal if it is done with the intent to deceive another to believe that the signature is that of another person. When a check payable to the order of a certain person comes into the hands of another of the same name, forgery is committed if, knowing the check to be another's, that person indorses it with his own name intending to defraud. Paragraph 48c(3), Part IV, MCM. One is guilty of forgery, although he signs the instrument with his own name, when he intends that his signature be received as that of another. *White v. Van Horn*, 159 U.S. 3, 15 S.Ct. 1027, 40 L.Ed. 55 (1895); 4 Wharton's Criminal Law § 499 (C. Torcia 14th ed. 1981). Signing one's own name with the intent that the writing be received as written by another person, or impersonating another in the

1. I. WERE APPELLANT'S PLEAS OF GUILTY TO ROBBERY UNDER CHARGE IV AND ITS SPECIFICATION PROVIDENT WHERE APPELLANT DECLINED TO CONCEDE THAT HIS TAKING OF THE TAXI CAB WAS WITH THE INTENT TO KEEP IT PERMANENTLY; RATHER, HE CONCEDED ONLY THAT HE "AT LEAST" INTENDED TO KEEP THE TAXI TEMPORARILY AND MADE NO STATEMENTS AS TO HIS INTENT TO KEEP THE MONEY PERMANENTLY?

II. WERE APPELLANT'S PLEAS OF GUILTY TO RESISTING APPREHENSION UNDER CHARGE VII AND ITS SPECIFICATION PROVIDENT WHERE HIS RESPONSES INDICATED THAT HIS FLIGHT DURING A HIGH SPEED CHASE WAS THE ONLY ACTIVE RESISTANCE TO APPREHENSION?

III. WERE APPELLANT'S PLEAS OF GUILTY TO FORGERY UNDER SPECIFICA-TION 2 OF CHARGE V PROVIDENT WHERE THE GOVERNMENT ALLEGED THAT THE INDIVIDUAL APPELLANT AIDED AND ABETTED INITIALLY SIGNED HIS OWN NAME AS PAYEE TO A STOLEN U.S. TREASURY CHECK DRAWN TO THE ORDER OF ANOTHER?

IV. WERE APPELLANT'S PLEAS OF GUILTY TO FORGERY UNDER SPECIFICATIONS 3, 4, 5, AND 6 OF CHARGE V PROVIDENT WHERE THE GOVERNMENT ALLEGED THAT THE INDIVIDUAL APPELLANT AIDED AND ABETTED ANOTHER IN "FALSELY MAK[ING] IN [THEIR] ENTIRETY" THE U.S. TREASURY CHECKS IN QUESTION WHERE· THE SIGNATURE OF THE AUTHORIZED GOVERNMENT AGENT AS DRAWER WAS FALSELY MADE BUT NO PAYEE HAD BEEN PREVIOUSLY NAMED ON EACH OF THE STOLEN CHECKS?

signature of an instrument, or signing in such a way as to make the writing purport to be that of another, are all acts of forgery. *United States v. Price,* 655 F.2d 958, 960 (9th Cir.1981).

Although DKSA Ferrell signed his own name to the treasury check, he intentionally signed his name in such a way as to make his signature appear to be that of Robert G. True. He intended to defraud the Government in the dollar amount of the check by altering his signature so that it might resemble the signature of Robert G. True, which, if genuine, would impose a legal liability on the U.S. Treasury to pay the check. Paragraph 48b(1), Part IV, MCM. Appellant's conviction for his role in the forgery of this check is affirmed.

■ Appellant's last assignment of error claims that he is not guilty of aiding and abetting the forging "in their entirety" of the checks in Specifications 3–6 in Charge V because there is no evidence he was present when DKSA Ferrell forged the drawer's signature on the checks. The record, however, shows that appellant assisted DKSA Ferrell in determining the names of the payees and selecting the amounts for these checks. We affirm the findings of guilty of Specifications 3–6 of Charge V.

In summary, we find appellant guilty of Specification 3 of Charge I, except the words "robbery of a taxi driver and larceny" and substituting the words "wrongful appropriation," and except the word "steal" and substituting the words "wrongfully appropriate." We find appellant not guilty of the Article 122, 10 U.S.C. § 922 robbery offense in Charge IV, but guilty of the lesser-included-offenses of wrongfully appropriating the taxi cab in violation of Article 121 and assault with a dangerous weapon in violation of Article 128. We set aside the findings as to Charge VII and its specification and dismiss that Charge and specification. The remaining findings, as approved on review below, are affirmed.

We have reassessed the sentence in light of the principles in *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990) and affirm only so much of the sentence as provides for confinement for 4 years, as suspended in part below, forfeitures of all pay and allowances, and a bad-conduct discharge.